IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) ) ) | COMPLAINT |
| TENNESSEE HEALTHCARE MANAGEMENT, INC., HCA HEALTHCARE, INC., AND GME OVERHEAD, | ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices based on race, national origin, and age, and to provide appropriate relief to Dong Xu who was harmed by such practices. As alleged with greater particularity below, Defendants, Tennessee Healthcare Management, Inc., HCA Healthcare, Inc., and GME Overhead, failed to promote Dong Xu because of his age, then 58, his race, Chinese American, and his national origin, Asian, and terminated him in retaliation for complaining to his employer about the discrimination and for filing a charge of discrimination with the Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) (Title

1

VII) and pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (ADEA), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission , is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e–5(f)(1) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b) as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98–532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Tennessee Healthcare Management Inc. (the Employer), a Tennessee corporation, has continuously been doing business in the State of Tennessee and the Cities of Brentwood and Nashville, and has continuously had at least 20 employees.

5. At all relevant times, the Defendant Employer has continuously been engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant, HCA Healthcare, Inc. (the Employer), a Tennessee corporation, has continuously been doing business in the State of Tennessee and City of Nashville, and has continuously had at least 20 employees.

7. At all relevant times, the Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

8. At all relevant times, Defendant, GME Overhead (the Employer), has continuously been doing business in the State of Tennessee and City of Nashville, and has continuously had at least 20 employees.

9. At all relevant times, the Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

10. At all relevant times, Defendant Employers, Tennessee Healthcare Management Inc., HCA Healthcare, Inc., and GME Overhead, have operated as a single employer or integrated enterprise, or both.

(a) Defendant Employers share common employees.

(b) Defendant Employers share in the hiring of employees.

(c) Defendant Employers alternate compensating employees.

(d) Defendant Employers use the same personnel policies and procedures, including the HCA Handbook signed by the chief executive officer of HCA Healthcare.

(e) Defendant Employers share letterheads and signatures in correspondence.

(f) Defendant Employers, HCA Healthcare, Inc. and GME Overhead, share the same address listed at 2000 Health Park Drive, Brentwood, Tennessee.

## ADMINISTRATIVE PROCEDURES

11. More than 30 days before the institution of this lawsuit, Dong Xu filed a charge of discrimination with the Commission alleging violations of Title VII and the ADEA by Defendant Employers.

12. On August 29, 2022, the Commission issued to Defendant Employers a Letter of Determination finding reasonable cause to believe Defendants violated Title VII and the ADEA and invited Defendant Employers to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

13. The Commission engaged with Defendant Employers to provide Defendants with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. The Commission was unable to secure from Defendant Employers a conciliation agreement acceptable to the Commission.

15. On October 13, 2022, the Commission issued to Defendant Employers Notice of Failure of Conciliation.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Count I - Failure to Promote Because of Age

17. Since at least October 13, 2020, Defendant Employers have engaged in unlawful employment practices in violation of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

    (a) These unlawful employment practices include Defendant Employers' failure to promote Dong Xu because of his age, then 58 years old.

    (b) On January 28, 2019, Defendant Employers hired Xu as a Research Fellow at its Osceola, Florida location.

(c) In February 2020, Defendant Employers changed Xu's title to Coordinator of Research Projects, and Xu's salary and job duties remained the same.

(d) On September 30, 2020, Defendant Employers posted a job announcement for Division Director of Research GME (Division Director), the position held by Xu's supervisor, Dr. Hale Toklu.

(e) Dr. Toklu supervised Xu for over a year.

(f) Dr. Toklu rated Xu's performance as "Excellent" for the 2019 performance appraisal period.

(g) Dr. Toklu rated Xu's overall performance as "meets expectations" for the 2020 performance appraisal period.

(h) On October 13, 2020, Xu applied for the Division Director position.

(i) The Division Director position required the following stated qualifications: (1) a master's degree from an accredited program providing training in a research-related field such as statistics and informatics or another related field of study; a minimum of five-years' related experience;

(2) a bachelor's degree in a relevant field and a minimum of ten years of "increasingly responsible related experience" may be substituted for the master's degree;

(3) experience working with large health care data, including electronic health records, Medicare claims, or other health care claims data set preferred; and

(4) SAS experience strongly preferred, RDBMS SQL valued.

(j) Xu met the stated qualifications for the Division Director position.

(k) Xu was more than qualified for the Division Director position.

(l) Xu has a medical degree from Shandong Medical University in Jinan, China; a master's degree in Physiology from the Peking University School of Medicine in Beijing, China; and medical research training from Howard Hughes Medical Institute and the National Institute of Health.

(m) Xu worked as an assistant and associate professor in the Department of Pediatrics, School of Medicine, at the University of Missouri at Kansas City. Xu served one year as an assistant professor for research and five years as an associate professor in the Department of Pediatrics at Northwestern University School of Medicine.

(n) Xu holds membership in six professional medical organizations.

(o) Defendant Employers denied Xu an interview for the Division Director position.

(p) On or about October 29, 2020, Defendant Employers notified Xu by email letter that Defendant Employers did not select him for the Division Director position.

(q) On November 17, 2020, Defendant Employers offered Katy Robinson the Division Director position, with a start date of December 7, 2020.

(r) Robinson was 37-years-old.

(s) Robinson failed to meet the stated and required qualifications for the position.

(t) Robinson was not qualified for the Division Director position.

(u) Robinson's background is in Human Resources, Public Relations, and Communications.

(v) Robinson has a Mass Communication Ph.D. (2020), a M.A. in Communication Management/HR Management specialty, and a bachelor's degree in Communication/Public Relations.

(w) Robinson served for four years as an instructor and research assistant in the communications department at the University of Florida.

(x) Of the four professional jobs Robinson identified on her résumé, none of them were medical or healthcare related.

18. The effect of the practices complained about in Paragraph 17 above has been to deprive Dong Xu of equal employment opportunities, and otherwise adversely affect his status as an employee because of his age, then 58.

19. The unlawful employment practices complained of in Paragraph 18 above were and are willful within the meaning of the ADEA, 29 U.S.C. § 626(b).

**COUNT II - Failure to Promote Because of Race and National Origin**

20. Xu is Asian and Chinese American.

(a) On January 28, 2019, Defendant Employers hired Xu as a Research Fellow at its Osceola, Florida location.

(b) In February 2020, Defendant Employers changed Xu's title to Coordinator of Research Projects, and Xu's salary and job duties remained the same.

(c) On September 30, 2020, Defendant Employers posted a job announcement for Division Director of Research GME (Division Director), the position held by Xu's supervisor, Dr. Hale Toklu.

(d) Dr. Toklu supervised Xu for over a year.

(e) Dr. Toklu rated Xu's performance as "Excellent" for the 2019 performance appraisal period.

(f) Dr. Toklu rated Xu's overall performance as "meets expectations" for the 2020 performance appraisal period.

(g) On October 13, 2020, Xu applied for the Division Director position.

(h) The Division Director position required: (1) a master's degree from an accredited program providing training in a research-related field such as statistics and informatics or another related field of study; a minimum of five-years' related experience; (2) a bachelor's degree in a relevant field and a minimum of ten years of "increasingly responsible related experience" may be substituted for the master's degree; (3) experience working with large health care data, including electronic health records, Medicare claims, or other health care claims data set preferred; and (4) SAS experience strongly preferred, RDBMS SQL valued.

(i) Xu met the stated qualifications for the Division Director position and was more than qualified.

(j) Xu has a medical degree from Shandong Medical University in Jinan, China; a master's degree in Physiology from the Peking University School of Medicine in Beijing, China; and medical research training from Howard Hughes Medical Institute and the National Institute of Health.

(k) Xu had research experience in the medical field.

(l) Xu worked as an assistant and associate professor in the Department of Pediatrics, School of Medicine, at the University of Missouri at Kansas City. Xu served one year as an assistant professor for research and five years as an associate professor in the Department of Pediatrics at Northwestern University School of Medicine.

(m) Xu holds membership in six professional medical organizations.

(n) Defendants denied Xu an interview for the Division Director position.

(o) On or about October 29, 2020, Defendant Employers notified Xu by email letter that Defendant Employers did not select him for the Division Director position.

(p) Xu was more than qualified for the promotion to Division Director with Defendant Employer.

(q) Xu was more than qualified for the Division Director job, holding several advanced degrees directly related to the job as well as over 20 years' experience in the graduate medical education/research field.

(r) Defendant Employer denied Xu the promotion to the Division Director job.

(s) Defendant Employer hired a White individual who possessed no educational background relevant to the Division Director job, and further, had no work experience in the medical education/research field. The woefully underqualified individual held only a communications degree and had previously only worked in communications, public relations, and human resources.

(t) On November 17, 2020, Defendant Employers offered Katy Robinson the Division Director position, with a start date of December 7, 2020.

(u) Robinson is a 37-year-old White American.

(v) Robinson lacked the qualifications for the Division Director position.

(w) Robinson's background is in Human Resources, Public Relations, and Communications.

(x) Robinson has a Mass Communication Ph.D. (2020), a M.A. in Communication Management/HR Management specialty, and a bachelor's degree in Communication/Public Relations.

(y) Background in Human Resources, Public Relations and Communications were not stated qualifications for the Division Director position.

(z) Robinson served for four years as an instructor and research assistant in the communications department at the University of Florida.

(aa) Of the four professional jobs Robinson identified on her résumé, none of them were medical or healthcare related.

(bb) Despite Robinson's lack of qualifications and failure to meet the stated qualifications for the Division Director job, Defendant Employer hired Robison.

21. The effect of the practices complained of above were intentional and has been to deprive Xu of equal employment opportunities because of his race, Asian, and national origin, Chinese American.

22. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Dong Xu.

**COUNT III - Defendant Employers Retaliated Against Xu By Discharging Him Because He Complained of Discrimination and Filed Charges of Discrimination**

23. Since at least October 13, 2020, Defendant Employers have engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e–2(a)(1) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

24. These unlawful employment practices include Defendant Employers' terminating Xu for complaining about the discrimination.

(a) On January 28, 2019, Defendant Employers hired Xu as a Research Fellow at its Osceola, Florida location.

(b) In February 2020, Defendant Employers changed Xu's title to Coordinator of Research Projects, and Xu's salary and job duties remained the same.

(c) On September 30, 2020, Defendant Employers posted a job announcement for Division Director of Research GME (Division Director), the position held by Xu's supervisor, Dr. Hale Toklu.

(d) Dr. Toklu supervised Xu for over a year.

(e) Dr. Toklu rated Xu's performance as "Excellent" for the 2019 performance appraisal period.

(f) Dr. Toklu rated Xu's overall performance as "meets expectations" for the 2020 performance appraisal period.

(g) On October 13, 2020, Xu applied for the Division Director position.

(h) Xu met the stated qualifications listed in the announcement for the Division Director position.

(i) Xu was more than qualified for the Division Director position.

(j) On or about October 29, 2020, Defendant Employers notified Xu by email letter that Defendant Employers did not select him for the Division Director position.

(k) On November 17, 2020, Defendant Employers offered Katy Robinson the Division Director position, with a start date of December 7, 2020.

(l) Robinson was not qualified for the Division Director position.

(m) Robinson failed to meet the stated qualifications in the job announcement for the Division Director position.

(n) Robinson's background is in Human Resources, Public Relations, and Communications.

(o) Shortly after Robinson became Xu's supervisor in January 2021, Robinson began criticizing and micromanaging Xu's performance.

(p) On April 7, 2021, Robinson issued Xu a written disciplinary-corrective action concerning Xu's conduct and performance.

(r) On April 19, 2021, Robinson placed Xu on a Performance Improvement Plan.

(s) In April 2021, Xu contacted the EEOC to complain about discriminatory treatment by his employer.

(t) On May 3, 2021, Robinson issued Xu a final written warning.

(u) On May 6, 2021, Xu complained through the Employers' hotline that the Employers subjected him to age, race, and national origin discrimination, including that Employers denied him the promotion to the Division Director position in 2020 because of race and age bias. He also complained about mistreatment by Katy Robinson.

(v) After Xu complained in May 2021, Robinson and the Employers began requiring Xu to take a full day of Personal Time for a doctor appointment, whereas previously Xu only had to use his Personal Time for the length of time he used for the appointment.

(w) On July 13, 2021, Xu filed a charge of discrimination with the Commission.

(x) In August 2021, Xu had a virtual meeting with supervisors in Nashville regarding Robinson's mistreatment of Xu.

(y) In August 2021, Robinson and a colleague went to Osceola Regional Medical Center to give a lecture to Emergency Medicine resident physicians, to meet with all

program coordinators at Osceola Medical Center, and to discuss a quality improvement research project with neurology residents.

(z) Although Xu had begun to work with the neurology residents for the project, the Employers excluded Xu from the meetings and activities.

(aa) On August 6, 2021, Robinson called Xu on his personal cell phone and screamed at him about an email inquiry that she did not understand.

(bb) On or about September 22, 2021, while the Commission investigated Xu's charge of discrimination, the Employers terminated Xu's employment.

(cc) Following his termination, on October 20, 2021, Xu filed his second charge of discrimination, alleging retaliation.

25. The effect of the practices complained about above has been to deprive Dong Xu of equal employment opportunities, and otherwise adversely affect his status as an employee because of retaliation against him for engaging in protected activity.

26. Defendant Employer's act of retaliation against XU complained of above were willful under the ADEA and intentional and done with malice or with reckless indifference to the federally protected rights of Dong Xu under Title VII.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate based on age, race, and national origin.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals based on age, race, and national origin, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employers to make whole Dong Xu by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, interest, in amounts to be determined at trial.

D. Order Defendant Employers to make whole Dong Xu by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 18 above, in amounts to be determined at trial.

E. Order Defendant Employers to make whole Dong Xu by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 17 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employers to pay Dong Xu liquidated damages for its willful violation of the ADEA and punitive damages for its malicious and reckless conduct in violation of Title VII, as described in Paragraph 18 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

*s/ Faye A. Williams*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

*s/ Amy Black*
AMY BLACK
Assistant Regional Attorney
TN Bar No. 016102
amy.black@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
Telephone: (901) 544-0158

*s/ Raquel A. Cato*
RAQUEL A. CATO
Trial Attorney
TN Bar No. 040675
raquel.cato@eeoc.gov

*s/ Marcerious D. Knox*
MARCERIOUS D. KNOX
Trial Attorney
TN Bar No. 036851
marcerious.knox@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
Telephone: (615) 736-5784