IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TENNESSEE HEALTHCARE ) <br> MANAGEMENT, INC., HCA ) <br> HEALTHCARE, INC., and GME ) <br> OVERHEAD, ) <br> ) <br> Defendants. ) | Civil No. 3:23-cv-00777 <br> Judge Aleta A. Trauger <br><br> Jury Demand |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANTS HCA HEALTHCARE, INC. AND GME OVERHEAD**

## I. INTRODUCTION

HCA Healthcare, Inc. ("HCA") is a non-operating holding company and indirect corporate parent of its various Operating Subsidiaries that provide healthcare services in separate facilities throughout the United States and its Service Subsidiaries that provide various kinds of ancillary support services to the Operating Subsidiaries. One of HCA's Service Subsidiaries is Tennessee Healthcare Management, Inc. ("THM"), which provides certain ancillary support functions for the physician practices of the Operating Subsidiaries, including accounting, legal advice, and—as relevant for this lawsuit—oversight and coordination of graduate medical education programs. All Operating and Service Subsidiaries, including THM, are separate and distinct legal entities from each other and from HCA. Unlike THM, however, GME Overhead ("GME") does not exist as a legal entity at all. Instead, it is merely a general term used to describe the GME coordination and management services provided by THM.

Plaintiff Equal Employment Opportunity Commission has brought this lawsuit on behalf of former THM employee Dong Xu, whom Plaintiff alleges failed to receive a promotion because of his age, race, and national origin and then was subsequently terminated in retaliation for filing a charge with it alleging such discrimination. Plaintiff further conclusorily alleges that THM, HCA, and GME employed Xu and operated jointly and/or as a single integrated enterprise. Plaintiff is wrong.

As matter of law, GME cannot be a proper party defendant—let alone Xu's employer—because it simply does not exist as a legal entity. Similarly, because HCA has no employees at all, it is not an "employer" subject to liability under either Title VII or the ADEA, the statutes Plaintiff cites for its claims. Further, the Complaint does not contain factual allegations sufficient to establish the requisite employment relationship between Xu and HCA to plausibly assert a claim. Therefore, these HCA and GME should be dismissed as a matter of law under Fed. R. Civ. P. 12(b)(6).

Throughout the Complaint, Plaintiff has adopted the approach of referring to THM, HCA, and GME, collectively, as "Defendant Employers." HCA, however, is a separate distinct legal entity from Xu's actual employer THM, and again, GME does not exist at all. Plaintiff's vague and conclusory allegations to the contrary are thus insufficient to establish a plausible claim against them. Neither HCA nor GME ever employed Xu (alone, jointly, or otherwise). HCA is merely Xu's actual employers' ultimate parent company, and it had no control over Xu's employment. Accordingly, as the Court has held in the past under materially identical circumstances, HCA (and GME) should be dismissed from this lawsuit. *See Gonzalez v. HCA, Inc.*, 2011 U.S. Dist. LEXIS 95774 (M.D. Tenn. Aug. 24, 2011) (dismissing HCA from a lawsuit brought under the FLSA because it did not employ the plaintiffs who were employees of its operating subsidiaries).

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2023, Plaintiff filed its Complaint (D.E. 1) alleging claims of race, national origin, and age discrimination as well as retaliation under Title VII and the ADEA against HCA, THM, and GME. Prior to the filing of THM's Answer to the Complaint (D.E. 23) on December 8, 2023 and this motion on December 22, 2023, counsel for Defendants explained to Plaintiff's counsel that HCA did not employ Xu and that GME does not legally exist at all, and thus, neither entity is a proper defendant for Plaintiff's claims. Defendants counsel requested that Plaintiff remove HCA and GME from the lawsuit so that the parties may proceed with the case against Xu's actual employer: THM. Plaintiff's counsel refused, necessitating the present motion.

HCA is a Delaware corporation with its principal place of business in Nashville, Tennessee. See Declaration of Michael T. Bray filed contemporaneously herewith ("Bray Dec."), at ¶ 5. HCA is a non-operating holding company with no employees. *Id.* ¶ 9. HCA's Operating and Service Subsidiaries are those entities, the stock of which or other equity interests are owned, either directly or through intermediaries, by HCA. *Id.* ¶¶ 2, 5. In the aggregate, the Operating Subsidiaries own and operate approximately 182 hospitals in the United States that provide patient care. *Id.* ¶ 2. The Service Subsidiaries provide various ancillary support services to the Operating Subsidiaries. *Id.* HCA is an indirect parent corporation of the Operating and Service Subsidiaries. *Id.* ¶¶ 2, 5.

THM is a Tennessee corporation with its principal place of business in Nashville, Tennessee and is one of HCA's Service Subsidiaries. *Id.* ¶ 3. It provides certain ancillary support functions, such as accounting or legal advice, for the physician practices of the Operating Subsidiaries. *Id.* As relevant for this lawsuit, one of the support functions provided by THM is the oversight and coordination of graduate medical education programs for various Operating Subsidiaries throughout the country. *Id.* GME, however, is not an Operating or Service Subsidiary. *Id.* ¶ 4. Rather, "GME Overhead" is merely a general term used by THM for the

3

graduate medical education coordination and management services it provides to the Operating Subsidiaries. *Id.* GME does not have any employees, does not issue paychecks to any individuals, and does not have an IRS Employer Identification Number (EIN). *Id.* In fact, GME does not legally exists at all as it is not registered or incorporated as a distinct entity. *Id.*

THM on the other hand is a separate and distinct legal entity from HCA. *Id.* ¶¶ 6–14. THM has prepared and, where appropriate, filed requisite formation documents for its status as a distinct corporation. *Id.* ¶ 6. As a separate legal entity, THM—just like all the other Operating and Service Subsidiaries—provides its own services, initiates its own invoices, owns its own assets, incurs its own liabilities, generates its own income from the fees it charges for its services and incurs its own expenses, pays its own taxes assessed by applicable authorities, has its own employees, maintains its own books and records, prepares its own financial statements, provides its own benefits, and has its own insurance. *Id.* THM owns or leases its own physical building where its business offices are located. *Id.* THM controls the acquisition and leasing of its own equipment and supplies, and has access to the cash generated from its operations through a cash management system. *Id.*

THM has its own executive officers who are responsible for the management of its day to day operations. *Id.* ¶ 7. These executive officers include a Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, and Vice President of Human Resources, amongst others. *Id.* There is no overlap between THM's executive officers who have such oversight over the employment of THM employees and HCA's executive officers. *Id.* There is also no overlap between THM's board of directors and the board of directors for HCA. *Id.*

Moreover, it is THM and its executive officers and managerial employees that: (1) are responsible for hiring, training, supervising, scheduling, reviewing, promoting, and retention of

THM employees; (2) control the work schedules or conditions of employment for THM employees; (3) determine the method or rate of pay for THM employees; and (4) maintain the employment records for THM employees. *Id.* ¶¶ 8–12. HCA does not perform any of those functions with respect to THM employees like Xu. *Id.*

Throughout the Complaint, Plaintiff collectively defines HCA, THM, and GME as "Defendant Employer" or "Defendant Employers." Compl., D.E. 1, ¶¶ 1–15, 17, 20, 23–24, 26. Plaintiff's interchangeable references to "Defendant Employers" collectively is intentional but disingenuous. Not only are such vague and conclusory allegations confusing, but they are insufficient as a matter of law to assert plausible claims of liability against HCA or GME under Title VII or the ADEA. Nowhere in the Complaint does Plaintiff even make a cursory attempt to assert the kind of specific factual allegations that might actually support a theory of joint employer or integrated enterprise. Plaintiff does not because it cannot, HCA and GME are not an integrated enterprise or joint employer with THM, and thus, they are not proper parties to this lawsuit.

## III. LEGAL ANALYSIS

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In determining whether a complaint is sufficient under the standards of *Iqbal* . . . , it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.'" *Alford v. CNG Rests., LLC*, 2020 U.S. Dist. LEXIS 107413, *21 (M.D. Tenn. Apr. 21, 2020) (quoting *Iqbal*, 556 U.S. at 680). "This can be crucial, as no such allegations [which include 'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations] count toward the plaintiff's goal of reaching plausibility of relief." *Id.* (quoting *Iqbal*, 556 U.S. at 681). "The question is whether the remaining allegations — factual allegations, i.e., allegations of factual matter — plausibly

5

suggest an entitlement to relief. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6)." *Id.* at *21–22 (internal quotations omitted).

Here, Plaintiff's Complaint contains only formulaic recitation of the elements to allege that HCA and GME are an integrated enterprise or joint employer with THM in order to assert employment law claims against them under Title VII and the ADEA. Compl., D.E. 1 ¶¶ 6–10. Not only are these conclusory assertions not entitled to a presumption of truth and insufficient to state a claim against HCA or GME, but they are plainly false. *See generally* Bray Dec. Accordingly, HCA and GME should be dismissed from this case.

### A. Because GME is not a legal entity, it cannot be a proper defendant in this lawsuit.

As an initial matter GME should be dismissed as a defendant from this lawsuit because it does not legally exist. In order to be a proper defendant for a lawsuit, an entity must actually exist as a distinct legal entity. *See Mitchell v. Tennova Healthcare*, 2014 U.S. Dist. LEXIS 37146, *9–10 (E.D. Tenn. March 21, 2014) ("Because Tennova Healthcare is not a legal entity, the Court agrees with defendant that plaintiff has failed to state a claim against Tennova Healthcare."); *see also Mnzava v. Diverse Concepts, LLC*, 2015 U.S. Dist. LEXIS 145326, *10 (E.D. Tenn. Oct. 26, 2015) ("Diverse Concepts has submitted evidence that Parkside Grill is not a legal entity. Thus, any claim against it would be futile."); *Nelson v. Putnam Cnty. Justice Ctr.*, 2013 U.S. Dist. LEXIS 54396, *9–10 (M.D. Tenn. Apr. 15, 2013) (finding that the plaintiff failed to state a claim against the named defendant because the named defendant was a building and not a legal entity); *Ali v. Univ. of Mich. Health Sys.-Risk Mgmt.*, 2012 U.S. Dist. LEXIS 106709, *7–8 (E.D. Mich. May 4, 2012) report and recommendation adopted sub nom. 2012 U.S. Dist. LEXIS 106706 (E.D. Mich. July 31, 2012) (dismissing plaintiff's claim against "the University of Michigan Health System — Risk Management" because any suit intended to be brought against any part of the University of

Michigan health system must be brought against its legal corporate body: the Board of Regents of the University of Michigan).

GME does not exist as a legal entity. Bray Dec. ¶ 4. Instead, it is merely a general term for the graduate medical education coordination and management services provided by THM—the legal entity that actually employed Xu. *Id.* Indeed, Plaintiff does not even allege that GME is in fact a legally recognized entity, only that it "has continuously been doing business." *Compare* Compl., D.E. 1 ¶ 8 *with id.* ¶¶ 4, 6 (alleging that THM and HCA are corporate entities, but not alleging any corporate form for GME). Accordingly, any claim Plaintiff purports to bring against GME would be futile, and "GME Overhead" should be dismissed from the lawsuit.

### B. Neither GME or HCA is a covered employer under Title VII or the ADEA.

"To be subject to the antidiscrimination provisions of Title VII, the [defendant] must qualify as an 'employer,' meaning that it must have 'fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year….'" *Bryson v. Middlefield Volunteer Fire Dep't, Inc.*, 656 F.3d 348, 351 (6th Cir. 2011) (quoting 42 U.S.C. § 2000e(b)). Similarly, "[t]o fall within the ADEA's scope, an employer must have twenty or more employees for each working day in the given statutory period." *Luckett v. DF Inv. Group, Inc.*, 2014 U.S. Dist. LEXIS 148044, *5 (W. Ky. Oct. 15, 2014) (citing 29 U.S.C. § 630(b) (2012)). Accordingly, if an entity does not have at least 15 or 20 employees, it is not subject to liability under Title VII or the ADEA respectively.

Here, although Plaintiff conclusorily asserts that that HCA and GME each "has continuously had at least 20 employees," it provides no specific factual allegations—including the alleged employment of Xu himself—to support such bald assertions. *See* Compl., D.E. ¶¶ 6, 8. Further, Plaintiff's allegations are false as neither HCA or GME has any employees at all. Bray

Dec. ¶¶ 4, 9. Accordingly, neither HCA or GME is a covered employer subject to liability under Title VII or the ADEA, and thus, Plaintiff cannot plausibly assert a claim against them under those statutes.

> **C. The Complaint does not allege facts sufficient to establish that Xu has an employment relationship with HCA by which Plaintiff could assert a Title VII or ADEA claim against them.**

The Court should also dismiss HCA because the Complaint does not set forth sufficient specific facts to establish that it employed Xu, individually, jointly, or as part of an integrated enterprise with THM. To allege a plausible claim under Title VII of the ADEA for discrimination or retaliation, Plaintiff must "allege sufficient facts establishing that [HCA] is liable as an employer…." *Bar v. Kalitta Charters II, LLC*, 2022 U.S. App. LEXIS 21412, *9 (6th Cir. Aug. 2, 2022); *see also Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.6 (6th Cir. 1997) ("The liability schemes under Title VII, the ADEA … limit liability to the employer."); *Parks v. Lyash*, 2021 U.S. Dist. LEXIS 50061, *13 (E.D. Tenn. Feb. 8, 2021) (dismissing certain defendants because "Plaintiff does not allege or argue that [those defendants were] his 'employer' within the meaning of Title VII or the ADEA.").

Plaintiff's Complaint, however, does not even conclusorily allege that HCA employed Xu. Instead, it contains one single paragraph with allegations that HCA, GME, and THM "operated as a single employer or integrated enterprise," and then lumps all three defendants together under the definition of "Defendant Employers" for the remainder of the Complaint. Compl., D.E. 1 ¶ 10. Those formulaic allegations in that single paragraph are insufficient to assert a plausible claim against HCA as a joint employer or integrated enterprise. *See Boyce v. SSP Am. MDW, LLC*, 2019 U.S. Dist. LEXIS 127959, *9 (N.D. Ill. July 31, 2019) ("Most of Boyce's allegations refer generally to 'Defendants,' which he defines to include both MDW and SSP, but such vague and

undifferentiated allegations are not sufficient to establish a joint-employer relationship."); *Sutton v. Cmty. Health Sys.*, 2017 U.S. Dist. LEXIS 133712, *16–17 (W.D. Tenn. Aug. 22, 2017) (dismissing a defendant because "the complaint contains zero specific allegations regarding Defendant CHSI" and plaintiff's "[a]ttempt[s] to establish joint employment based solely on the general allegations, without more, . . . does not allege enough specific facts to support the contention that CHSI is a joint employer in this case").

### 1. HCA did not employ Xu jointly with THM.

To sufficiently plead that HCA is a joint employer with respect to Xu under either Title VII or the ADEA, Plaintiff's Complaint must contain sufficient factual allegations to plausibly allege that they "'share[] or co-determine[] those matters governing essential terms and conditions of employment' despite the lack of a formal employer-employee relationship." *Edmondson v. Nissan N. Am. Inc.*, 2023 U.S. Dist. LEXIS 174029, *7 (M.D. Tenn. Sept. 27, 2023) (quoting *EEOC v. Skanska USA Bldg., Inc.*, 550 Fed. App'x 253, 256 (6th Cir. 2013)) "Those essential terms and conditions include an entity's ability to hire, fire[,] or discipline employees, affect their compensation and benefits, and direct and supervise their performance." *Id.* at *7–8 (internal quotation omitted). Further, "[t]he Sixth Circuit has acknowledged four factors in determining whether two companies are joint employers: the interrelation of operations between the companies, common management, centralized control of labor relations, and common ownership." *Gonzalez*, 2011 U.S. Dist. LEXIS 95774 at *35) (internal quotations omitted). The Complaint, however, provides no *factual* allegations to plausibly allege a joint employer relationship under these factors.

Plaintiff conclusorily recites that "Defendant Employers" "share common employees," "share in hiring of employees," "alternate compensating employees," "use the same personnel policies and procedures," "share letterheads and signatures," and "share the same address."

9

Compl., D.E. 1 ¶ 10. These allegations, however, are bare conclusions that are unsupported by any plausible *facts*, *see Alford*, 2020 U.S. Dist. LEXIS 107413 at 21, and they completely omit the reality of the independent control THM has over its own operations and the employment of its employees. *See* Bray Dec. ¶¶ 6–12. These allegations also fail to even conclusorily allege a common management, centralized control of labor relations, or common ownership that would be necessary in order for HCA to be a joint employer.

For example, Plaintiff does not allege the existence, let alone the identity of any common managers or officers nor do they allege the ways in which HCA and THM through such common officers share responsibility in controlling employees' working conditions, supervise or direct employees' work performance, or maintain employees' records. This lack is because the allegedly shared responsibility and management do not exist between HCA and THM. Plaintiff's bald assertion that HCA and THM "operated as a single employer" is belied by the uncontroverted facts set forth in the Declaration of Michael Bray showing that Xu was employed solely by THM. *See* Bray Dec. ¶¶ 6–12; *see also Reid v. Quality Serv. Integrity*, 2016 U.S. Dist. LEXIS 5878, *6–7 (E.D. Tenn. Jan. 19, 2016) (dismissing Title VII claims because plaintiff's allegations that the defendant "polices [the actual employer's] employment practices" was insufficient, particularly in light of "declarations from [defendant's] employees stating that [plaintiff] was never employed by the [defendant]"); *Gonzalez*, 2011 U.S. Dist. LEXIS 95774 at 33–39, 41 (holding HCA was not joint employer of plaintiff, who was employed by Menorah Medical Center, a hospital affiliated with HCA).

### 2. HCA did not employ Xu as part of an "integrated enterprise" with THM or any other entity.

The Complaint also wholly omits any set of allegations that can plausibly support the claim that HCA was a member of an integrated enterprise with THM. "[T]he test for whether a parent

corporation may be considered the employer of the employees of a subsidiary corporation is 'whether the two entities are so interrelated that they may be considered a 'single employer' or an 'integrated enterprise.'" *Smith v. The Cheesecake Factory Restaurants, Inc.*, 2010 U.S. Dist. LEXIS 9818, *31 (M.D. Tenn. Feb. 4, 2010) (quoting *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997)). Similar to the joint employment analysis above, in determining whether two entities are a single employer or integrated enterprise, courts should consider factors such as the existence of common recordkeeping, shared bank accounts, common management, board, and directors, and common ownership and financial control. *See Swallows*, 128 F.3d at 994; *Gonzalez*, 2011 U.S. Dist. LEXIS 95774 at 36–37.

The Complaint, however, is completely devoid of any factual allegations establishing that these factors exist. Other than the boilerplate assertion that HCA and THM "have operated as a[n] … integrated enterprise," along with irrelevant factual allegations such as the use of "share[d] letterhead," Plaintiff alleges nothing at all to support a theory of an integrated enterprise. The Complaint does not contain any facts to plausibly infer that Defendants share common management, common record keeping, common bank accounts, or corporate officers. Plaintiff's allegations therefore are insufficient to state a claim against HCA under an integrated enterprise theory. *See Goeble v. Burntwood Tavern Holdings, LLC*, 2023 U.S. Dist. LEXIS 73055, *11–12 (N.D. Ohio Apr. 26, 2023) (boilerplate allegations of common management and control and interrelation of operation are insufficient to establish joint employment or integrated enterprise); *Kwan v. Sahara Dreams Co. II Inc.*, 2018 U.S. Dist. LEXIS 213782,*10 (S.D. N.Y. Dec. 19, 2018). ("Plaintiff has failed to plead sufficient non-conclusory allegations that the [c]orporate [d]efendants shared centralized control over their employees. The [a]mended [c]omplaint principally relies on conclusory, boilerplate allegations of the elements of a single integrated

11

enterprise, asserting—without any factual support—that [d]efendants have 'a high degree of interrelated and unified operation,' and share 'common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.'"); *Thompson v. Quorum Health Res., LLC*, 2007 U.S. Dist. LEXIS 72376,*7 (W.D. Ky. Sept. 27, 2007) ("There is also no evidence of common management to be found in Plaintiff's complaint… The allegations are also insufficient to infer that Quorum and Triad have centralized control over labor relations. An example of this would be if Triad had the power to suspend or terminate Quorum employees. While the complaint does allege that Triad manages Quorum, this does not suggest that Triad can fire individual Quorum employees."); *see also Gonzalez*, 2011 U.S. Dist. LEXIS 95774 at 36–37 ("HCA and the Defendants … are separate corporate entities. … HCA's control of labor relations is not so centralized as to demonstrate an integrated enterprise. A parent corporation is entitled to establish group-wide financial protocols, monitor the performance of its subsidiaries, and reap financial benefits from their profits.").

Moreover, Mr. Bray's sworn testimony establishes that these critical facts for Plaintiff's joint employer and integrated enterprise theories against HCA do not exist. Bray Dec. at ¶¶ 2–3, 6–8 (explaining that THM has its own management, maintains its own financial, business, and employment records, and otherwise operates independently from HCA, its ultimate parent company). Therefore, Plaintiff cannot cure the defects in its joint employer or integrated enterprise theories by filing an amended complaint, and the claims against HCA (and GME) should be dismissed with prejudice. *See Tagert v. Anakeesta*, 2021 U.S. Dist. LEXIS 250557, *9 (E.D. Tenn. Aug. 25, 2021) (amendment is futile if the amended complaint cannot survive a motion to dismiss).

## IV. CONCLUSION

For the reasons stated above, the Court should dismiss HCA and GME from the Complaint.

                                                /s/ Frederick L. Conrad III
                                                Robert E. Boston (TN BPR # 009744)
                                                Frederick L. Conrad III (TN BPR # 032043)
                                                HOLLAND & KNIGHT LLP
                                                511 Union Street, Suite 2700
                                                Nashville, Tennessee 37219
                                                (615) 244-6380
                                                bob.boston@hklaw.com
                                                trip.conrad@hklaw.com

                                                *Attorneys for Defendants Tennessee Healthcare Management, Inc., HCA Healthcare, Inc., and GME Overhead*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 22nd day of December, 2023, a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Dismiss of Defendants HCA Healthcare, Inc. and GME Overhead was electronically filed with the United States District Court for the Middle District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

Marcerious D. Knox
Equal Employment Opportunity Commission
Nashville Area Office
220 Athens Way, Suite 350
Nashville, Tennessee 37228

                                                /s/ Frederick L. Conrad III