IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-00777 |
| ) | Judge Aleta A. Trauger |
| TENNESEE HEALTHCARE ) | |
| MANAGEMENT, INC., ) | Jury Demand |
| HCA HEALTHCARE, INC., and ) | |
| GME OVERHEAD ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
HCA HEALTHCARE INC.'S MOTION TO DISMISS**

Plaintiff Equal Employment Opportunity Commission (Commission) does not oppose dismissal of GME Overhead (GME) from this lawsuit. The Court should deny the Motion to Dismiss as it pertains to HCA Healthcare Inc. (HCA). The Complaint sufficiently pleads HCA is a covered employer operating as an integrated enterprise with Tennessee Healthcare Management, Inc. (THM). Further, dismissal of HCA appears inappropriate because the parties have not engaged in discovery. In the alternative, the Commission requests leave to amend the Complaint under Fed. R. Civ. P. 15 to expound on its integrated enterprise theory of liability.

### I.    BACKGROUND

The Commission sued THM, HCA, and GME to correct unlawful employment practices based on age, race, and national origin, and to provide appropriate relief to Dr. Dong David Xu, who was adversely affected by such practices. The Commission alleges Defendant Employers violated Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination and

Employment Act of 1967 (ADEA) by denying Dr. Xu promotion to GME Division Director of Research because of his race, national origin, and age, and by retaliating against him for complaining about discriminatory mistreatment. *See* Complaint, p.1. The Commission also alleges Defendant Employers have, at all relevant times, operated as a single employer or integrated enterprise, and pled specific facts supporting this contention. Complaint, ¶ 10.

On December 22, 2023, HCA and GME moved to dismiss the claims filed against them. (The Commission does not oppose dismissing GME from this lawsuit. The Commission directs the rest of its Response to HCA's arguments for dismissal).

The parties have not yet begun discovery, nor have they exchanged initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Initial disclosures are due in two days, January 7, 2024. Doc. 21, p. 3. The discovery deadline here is October 1, 2024. *Id*. at p. 4. No Defendant has filed its Business Entity Disclosure Statement pursuant to Local Rule 7.02. *See* Doc. 2.

## II. APPLICABLE LAW AND ARGUMENT

### A. The Commission's Complaint Sufficiently Pleads HCA Operates as an Integrated Enterprise with THM.

The Commission's Complaint sufficiently pleads HCA is an employer operating as an integrated enterprise with THM to establish liability under Title VII and the ADEA.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 570 (2007)). A court "must construe the complaint in the light most favorable to plaintiffs." *League of United Latin Am. Citizens, v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted). A motion to dismiss may be granted only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim

2

which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

The Court can consider matters part of the Complaint and pleadings to decide this motion to dismiss without converting the motion to one of summary judgment. Generally, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself …", *Sims v. Mercy Hosp.*, 451 F.2d 171, 173 (6th Cir. 1971), and "when deciding a motion to dismiss a court may consider only matter properly part of the complaint or pleadings." *Armengau v. Cline*, 7 Fed. Appx. 336, 343 (6th Cir. 2001). However, the Sixth Circuit takes a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." *Id.* at 344.

The Supreme Court instructs that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. The inquiry … is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007) (emphasis in original).

"Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Smith v. The Cheesecake Factor Restaurants, Inc.*, No. 3:06-00829, 2010 WL 441562, at *2 (M.D. Tenn. Feb. 4, 2010); *see also Young v. Dep't of the Treas.*, No. 2:19-cv-02384-TLP-dvk, 2020 WL 380796, at *7 (W.D. Tenn. Apr. 9, 2020), *report and recommendation adopted by* 2020 WL 1939352 (W.D. Tenn. Apr. 22, 2020) (determining "EEOC documents attached to the [d]efendant's motion to dismiss [were] central to [the plaintiff's] claims" where plaintiff "refer[red] to her EEO counseling,

3

her EEO complaints, and various other portions of her EEO process in her amended complaint."); *Brown v. Donahoe*, 2014 WL 652277, at *4 (W.D. Tenn. Feb. 19, 2014) (adopting magistrate judge's decision that EEOC documents attached to a motion to dismiss were central to the claims and were public records).

Under the "single employer" or "integrated enterprise" doctrine, two entities may be considered so interrelated that they constitute a single employer subject to liability under Title VII and the ADEA. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997); *see also Armbruster v. Quinn*, 711 F.2d 1332, 1337–38 (6th Cir. 1983) (Title VII), *abrogated on other grounds by Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); Courts look to the following four factors to determine whether to treat separate entities as an "integrated enterprise" for purposes of establishing a person's employer: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. *Id*. at 993–94. Although the court may consider all the factors, "[n]one of these factors is conclusive, and all four need not be met in every case." *Id*. (citing *Armbruster*, 711 F.2d at 1338).

This Court should deny HCA's Motion to Dismiss because the Commission pled sufficient facts to support its claim that HCA operates as an integrated enterprise with THM. The Commission's Complaint states HCA and THM "share letterheads and signatures in correspondence." *See* Doc. 1, Complaint, ¶ 10(e). For example, the job description for the GME Division Director of Research position at THM for which Dr. Xu sought promotion uses the HCA letterhead. *See* Exhibit A, Job Description. Other documents in Dr. Xu's personnel file during his tenure at THM, including his performance evaluation, use the HCA letterhead. Also, the correspondence between Sr. Human Resources Partner, Robbie Gadams, and Senior Recruiter, Kristi Santos, about Dr. Xu's internal complaint of discrimination use "@HCAHealthcare.com"

4

in the email address and HCA Healthcare in the signatures. *See* Exhibit B, HCA Correspondence. These facts show interrelation of operations between HCA and THM. Also, the Commission sufficiently pled centralized control of labor relations and personnel. For example, the Commission's Complaint states HCA and THM "use the same personnel policies and procedures, including the HCA Handbook signed by the chief executive officer of HCA Healthcare." *See Complaint*, Doc. 1, ¶10, (d); and Exhibit C, HCA Employee Handbook.

The foregoing facts, accepted as true and construed in light most favorable to the Commission, demonstrate the Commission has pled sufficient facts to plausibly give rise to a cause of action against HCA. Therefore, the Court should deny HCA's Motion to Dismiss.

**B.     HCA is a Covered Employer Under Title VII and the ADEA.**

HCA is a covered employer under Title VII and the ADEA because HCA operates as an integrated enterprise with THM.

Title VII applies to private employers with 15 or more employees, 42 U.S.C. § 2000e(b), and the ADEA applies to private employers with 20 or more employees. 29 U.S.C. § 630(b). More than one individual or entity may be considered responsible for compliance with Title VII and the ADEA. "Although a direct employment relationship provides the usual basis for liability under the ADEA or [Title VII], courts have fashioned various doctrines by which a defendant that does not directly employ a plaintiff may be considered an 'employer' under those statutes." *Swallows*, 128 F.3d at 993. Under the "single employer" or "integrated enterprise" doctrine, two entities may be considered so interrelated that they constitute a single employer subject to liability under Title VII and the ADEA. *Swallows*, 128 F.3d at 993.

Application of the integrated enterprise doctrine "can remove two different obstacles to liability. First, an entity that is not the plaintiff's formal employer can be treated under [this] doctrine as if it were the employer for purposes of employment laws such as Title VII. Second, if

5

the entity is already a formal employer, it can satisfy an otherwise unmet numerosity requirement by aggregating its own employees with the individuals under its joint employ." *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 Fed. Appx. 488, 491 (6th Cir. 2011).

HCA's attempt to circumvent liability by identifying itself as a mere non-operating holding company without any employees is immaterial because HCA and THM are so interrelated that they constitute a single employer. In its Answer, THM admits to continuously having at least 20 employees at all relevant times. Doc. 23, ⁋ 4. For this reason, HCA, and THM may be held liable for violating Title VII and the ADEA as a single employer with the requisite number of employees because of their operation as an integrated enterprise.

HCA misguidedly relies on *Gonzalez v. HCA Inc.*, No. 3:10-00577, 2011 WL 3793651 (M.D. Tenn. Aug. 25, 2011), throughout its memorandum as support for dismissing HCA from this lawsuit. Despite HCA's contentions to the contrary, the Court did not dismiss HCA as a party in *Gonzalez* "under materially identical circumstances" as this lawsuit. Doc. 26, p. 2.

In *Gonzalez*, plaintiffs sued two of HCA's out-of-state subsidiaries under the Fair Labor Standard Act (FLSA) for alleged wrongful denial of compensation. *Id*. at *1. Plaintiffs did not directly sue HCA, rather plaintiffs relied on the subsidiaries' ties to HCA as its justification for personal jurisdiction in the lawsuit. *Id*. at *4. The Court indeed considered whether HCA is an "employer" of the subsidiaries sufficient to establish personal jurisdiction under the *FLSA* (not Title VII or the ADEA). *Id*. at *10.

Determining who is an employer under the FLSA differs from Title VII and the ADEA. "To determine whether an entity is an 'employer' subject to the FLSA, the Court must consider the 'economic reality' of the situation." *Id*. at *12. Even when applying the four factors of the integrated enterprise test, "control over the elements of labor relations is a central concern." *Id*. at

*13. Yet under Title VII and the ADEA, "[n]one of these factors is conclusive, and all four need not be met in every case." *Swallows*, 128 F.3d, at 993–94.

To determine whether HCA was an employer under the FLSA in *Gonzalez*, the Court's emphasis on economic reality and labor relations is evident throughout its analysis of the four elements of the integrated enterprise test. Since the issue in *Gonzalez* was alleged wrongful compensation, the Court understandably focused more heavily on HCA's power to directly compensate employees of the subsidiaries and gave little consideration to plaintiffs' nonfinancial evidence. Ultimately the court found "HCA's control of labor relations is not so centralized as to demonstrate an integrated enterprise." *Gonzalez*, at *14.

In this present ADEA and Title VII action, "[a]ll four criteria need not be present in all cases and, even when no evidence of common control of labor relations policy is presented, the circumstances must be such that the Title VII single-employer doctrine is applicable." *Armbruster*, 711 F.2d at 1338. Although the Commission fully intends to seek discovery to meet the third element of centralized control over labor relations, the Commission believes the nonfinancial evidence will also support the existence of an integrated enterprise between HCA and THM.

The Commission requests this Court deny HCA's Motion to Dismiss and allow the Commission to conduct discovery to substantiate HCA is a covered employer under Title VII and the ADEA because it operates as an integrated enterprise with THM.

**C.    Dismissal of HCA is Inappropriate Because the Parties Have Not Engaged in Discovery and the Facts Necessary to Respond to the Motion to Dismiss are Unavailable to the Commission now.**

The Commission also intends to obtain more evidence to support its integrated enterprise claim during discovery.

"[W]ithout the benefit of discovery, the Court does not have all the information relative to the factors to be considered, as most integrated enterprise questions are answered at the summary

7

judgment stage." *Equal Employment Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-CV-00590-JHM, 2016 WL 7473130, at *4 (W.D. Ky. Dec. 28, 2016). "Consideration of such matters necessarily involves review of evidence, not just the face of the complaint." *Jett v. Am. Nat. Red Cross*, No. 1:11-CV-586-HJW, 2012 WL 4473153, at *3 (S.D. Ohio Sept. 26, 2012); *see also Brock v. Marymount Med. Ctr., Inc.*, No. CIVA 6:06CV285 DCR, 2007 WL 196895, at *9 (E.D. Ky. Jan. 23, 2007) (denying defendant's motion to dismiss because of insufficient evidence).

The parties have not yet begun discovery in this matter, have not exchanged initial disclosures, and no Defendant has filed its business entity disclosure. The Commission is at a significant disadvantage in opposing HCA's motion to dismiss because, frankly, HCA relies on information the Commission has not yet had the opportunity to learn. The Commission simply does not have knowledge of "the independent control THM has over its own operations and the employment of its employees," nor does the Commission know of the identity of HCA or THM's board of directors, officers, or managers. Doc. 26, p. 10. To provide a detailed opposition of HCA's Motion to Dismiss, the Commission must be allowed to conduct written discovery and depose management officials of HCA and THM. The Commission is therefore unable to present essential, factual support to justify its integrated enterprise claim and properly oppose HCA's motion to dismiss.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "only a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. This simplified notice pleading standard *relies* on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of numerations claims." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (emphasis added).

8

The Commission's Complaint satisfies the requirements of Rule 8(a)(2) because it gives HCA fair notice of the basis of its integrated enterprise claims and the grounds upon which they rest. Under Rule 8's pleading standard, the Commission expects discovery will better define the interrelation between HCA and THM and support its integrated enterprise claim. Accordingly, the Commission asks this Court to deny HCA's Motion to Dismiss and allow the parties to engage in discovery.

Further, HCA's Memorandum in Support of its Motion (Memorandum) and the attached Declaration of Mike Bray (Declaration) raises several issues about the interrelation of HCA and THM. For example, Mr. Bray claims there is no overlap between THM and HCA's board of directors, but he does so without identifying these individuals despite purporting to know of HCA's subsidiaries' corporate structures. Doc. 27, ¶¶ 2 and 7. The Declaration does not state whether HCA and THM share executive officers and lower management, which may be a possibility since Mr. Bray identifies himself as both "Assistant Vice President for Financial Reporting for HCA" and "Vice President of numerous HCA subsidiaries." *Id*. at ¶ 2. This ambiguity emphasizes the need for discovery on the interrelation between HCA and THM.

In sum, the Commission asserts there are many issues of fact related to the integrated enterprise claim that it needs to explore in discovery. For these reasons, the Commission asks the Court to deny HCA's Motion to Dismiss and allow the parties to engage in discovery.

**D.     The Commission Alternatively Requests Leave to Amend the Complaint Under Fed. R. Civ. P 15(a)(2).**

"The court should freely give leave to" amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Should the Court find the Commission's Complaint insufficient, in any way, the Commission seeks leave to amend consistent with and to conform to the Court's ruling here. A fundamental purpose for permitting a party to amend a pleading under Rule 15 is the policy of

deciding a complaint on its merits rather than on technical grounds. *Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

The Sixth Circuit has generally applied a liberal policy of allowing amendments to a complaint. *See Cooper v. American Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). The Sixth Circuit provides these following factors relevant to a court's decision to grant leave to amend "when justice so requires:" "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). None of these factors support denying the Commission leave to amend the Complaint, and HCA does not claim otherwise in their Motion or Memorandum. Permitting amendment of the Complaint would not prejudice HCA. Rather, denial of leave to amend would unfairly and greatly prejudice the Commission.

HCA wrongly asserts the Commission cannot cure supposed defects in its integrated enterprise theory by filing an amended complaint and wrongly suggests that such an amendment would be futile. *See* Doc. 26, p. 12. "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). HCA's Motion to Dismiss before initial disclosures and discovery is no more than a woeful attempt to deny the Commission an opportunity to obtain discovery necessary to establish liability and litigate this case on its merits.

### III. CONCLUSION

For the reasons stated above, the Court should deny HCA's Motion to Dismiss and allow the parties to engage in discovery. Alternatively, the Commission requests the Court grant leave to amend the Complaint. The Commission does not oppose dismissal of GME Overhead from this lawsuit.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
(901) 685-4644

GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
800 Louisiana Street, Suite 200
Little Rock, AR 72201
(501) 324-5060

*s/ Raquel A. Cato*
Raquel A. Cato
Trial Attorney
TN Bar No. 040675
raquel.cato@eeoc.gov

*s/ Marcerious D. Knox*
Marcerious D. Knox
Trial Attorney
TN Bar No. 036851
marcerious.knox@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

11

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37225
(615) 736-5784

*Attorneys for the Plaintiff*

CERTIFICATE OF SERVICE

I certify that on January 5, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

>Robert E. Boston (TN BPR # 009744)
>Frederick L. Conrad III (TN BPR # 032043)
>Holland & Knight LLP
>511 Union Street, Suite 2700
>Nashville, Tennessee 37219

*s/ Raquel A. Cato*
Raquel A. Cato

*s/ Marcerious D. Knox*
Marcerious D. Knox
