**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:23-cv-00777** |
| | ) | **Judge Aleta A. Trauger** |
| **TENNESSEE HEALTHCARE** | ) | |
| **MANAGEMENT, INC., HCA** | ) | **Jury Demand** |
| **HEALTHCARE, INC., and GME** | ) | |
| **OVERHEAD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## REPLY IN SUPPORT OF HCA HEALTHCARE, INC.'S[1] MOTION TO DISMISS

---

HCA is only a non-operating holding company and indirect corporate parent of its various subsidiaries, including Xu's actual employer: THM. HCA had no control over Xu's employment with THM and thus is not a proper party to this case asserting employment claims on his behalf. Plaintiff, however, asserts in its Response that HCA should nevertheless be a defendant in this case because it has sufficiently alleged THM and HCA operated as an integrated enterprise. Plaintiff further requests that should the Court find its pleadings to be insufficient, that it be permitted to file an amended complaint with more detailed allegations. Neither argument is meritorious.

First, notwithstanding Plaintiff's protestations to the contrary, its formulaic assertions that HCA and THM form an integrated enterprise are insufficient to meet the pleading standard necessary for HCA to remain in the case. Further, the only specific factual allegations it makes in

---

[1] Plaintiff originally asserted claims against GME Overhead ("GME") as well. (D.E. 1). However, Plaintiff stated in its Response to Defendants' Motion to Dismiss (D.E. 25) that it does not oppose the dismissal of GME from this lawsuit. *See* D.E. 28 at 1. As a result, this Court should dismiss GME from the Complaint and this Reply is being submitted to address the arguments asserted with respect to HCA.

either its Complaint or in its brief do not in fact support a finding of an integrated enterprise—even assuming they are true. Second, amending the Complaint would be futile because HCA has already presented evidence in a declaration, evidence which Plaintiff does not dispute, demonstrating that HCA cannot be part of an integrated enterprise with THM as a matter of law. Therefore, there is no set of allegations that Plaintiff could add to an amended complaint in good faith that would enable it to sufficiently plead that HCA and THM are an integrated enterprise. Accordingly, the Court should grant HCA's motion so that the proper parties may move forward with litigating this case.

1. **The Complaint does not state sufficient facts to plausibly allege that HCA had any kind of employment relationship with Xu.**

After weeding out all of the conclusory allegations, the Complaint alleges only three specific facts to support its contention that HCA is a covered employer operating as an integrated enterprise with THM: (1) THM uses an HCA Handbook; (2) THM uses HCA letterhead in correspondence; and (3) HCA and THM share an address. D.E. 1 at ¶ 10; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (conclusory statements are not taken into account when determining if a complaint plausibly states a claim upon which relief can be granted). However, these sparse factual allegations, even accepted as true and viewed together in a light favorable to the plaintiff, are insufficient to allege an integrated enterprise. Simply sharing letterhead, a mailing address, and a handbook with a parent company's logo are insufficient facts to establish an integrated enterprise or even making pleading such an enterprise plausible. *See Passmore v. Mapco Express, Inc.*, 447 F. Supp. 3d 654, 665 (M.D. Tenn. 2017) (holding that two entities were not operating as an integrated enterprise where they "used each other's letterheads and logos interchangeably… and shared a common headquarters and employee handbook"); *see also Zurich Am. Life Ins. Co. v. Nagel*, 571 F. Supp. 3d 168, 183–84 (S.D.N.Y. 2021) (finding that plaintiff

2

failed to sufficiently plead a related company was part of an integrated enterprise with his employer when his termination letter was on the other company's letterhead).

Further, Plaintiff took the opportunity in its Response in Opposition to HCA Healthcare, Inc.'s Motion to Dismiss (D.E. 28) to include additional factual allegations, in an attempt to bolster its integrated enterprise theory, specifically that emails about Xu's internal complaint came from the "@HCAHealthcare.com" email domain. D.E. 28 at 4–5. Even adding this fact to the pled facts, however, still does not plausibly allege that HCA was an integrated enterprise with THM because "a shared email address, domain name, website, and company name are insufficient to show that [parent company] exercised any degree of control over [subsidiary]." *See Sullivan v. Schlumberger Ltd.*, 2022 WL 584038, *3 (E.D. Tex. Feb. 25, 2022); *see also Layton v. PERCEPTA, LLC*, 2018 WL 3150252 (M.D. Fla. May 17, 2018) (denying plaintiff's motion to amend complaint to add Ford Motor Company under a "joint employer and/or integrated enterprise theory" where PERCEPTA employees used Ford email addresses and signature blocks). Accordingly, even combining the unalleged facts in Plaintiff's brief with the few specific facts alleged in the Complaint, Plaintiff has still failed to sufficiently plead an integrated enterprise.

**2. Allowing Plaintiff to amend its Complaint would be futile because there is no set of facts that Plaintiff could possibly plead to allege that HCA and THM operated as an integrated enterprise.**

Plaintiff is correct that not all four of the factors considered by courts when determining whether to treat separate entities as an "integrated enterprise"—interrelation of operations, common management, centralized labor and personnel, and common ownership and financial control—need to be met to establish such a relationship, and thus would need to be pled to survive a motion to dismiss. D.E. 28 at 4. However, Plaintiff must be able to plead facts that show some of these factors are present. *See Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x

3

488, 495 (6th Cir. 2011) (rejecting plaintiff's single employer theory where the plaintiff presented some evidence on one of the factors). Not only has Plaintiff failed to adequately plead even one of these factors, however, but Plaintiff also does not dispute the testimony in the declaration of Michael Bray showing that none of the factors can in fact ever be pled. Bray Dec. at ¶¶ at 3; 5–14. Accordingly, because Plaintiff would not be able to amend to add sufficient facts to an amended complaint, giving leave to amend would be futile and only further delay the resolution of this case. *See Tagert v. Anakeesta*, LLC, 2021 WL 6427962, *3 (E.D. Tenn. Aug. 25, 2021) (amendment is futile if the amended complaint cannot survive a motion to dismiss).

First, Plaintiff cannot allege that THM and HCA's operations are interrelated because THM owns or leases its own physical building where its businesses are located, maintains its own books and records, prepares its own financial statements, and controls the acquisition and leasing of its own equipment. *See* Bray Dec. at ¶ 6. Indeed, HCA is not involved at all in the operational aspects of THM. *Id.* Thus, there is no set of facts that Plaintiff could allege to support an interrelation of operations. *See Smith v. The Cheesecake Factory Restaurants, Inc.*, 2010 WL 441562, *11 (M.D. Tenn. Feb. 4, 2010) (finding that operations were not interrelated where the entity owned all of its real estate, maintained its own financial records, and controlled all of its equipment and supplies).

Second, there are also no facts that Plaintiff could plausibly allege to show that HCA and THM have common management because there is no overlap between THM's executive officers with employment oversight or its board of directors and even members HCA's executive officers or board. *See* Bray Dec. at ¶ 7. Plaintiff argues that discovery is needed to determine whether THM and HCA share other officers and lower management to determine if the two entities are interrelated, but such questions would in fact have no bearing on the issue. D.E. 28 at 9. Even if the two entities did share such lower level officers, "the mere fact that some individuals serve both

companies as officers or board member does not satisfy the second element of the test." *See Swallows v. Barnes & Noble Book Stores*, Inc., 128 F.3d 990, 994 (6th Cir. 1997). No amount of discovery will change the fact that there is no executive officer or board member overlap between THM and HCA and thus no way that Plaintiff could plausibly plead facts to establish the factor of common management. *See id.* (finding no common management where the two entities never shared common officers or board members).

The third factor, centralized control of labor relations and personnel, asks which entity made the final decisions regarding the employment matters of the person claiming discrimination. *See Lisenbee v. FedEx Corp.*, 579 F. Supp. 2d 993, 1002 (M.D. Tenn. 2008). Here, THM's officers and managers, and those individuals alone, are indisputably the ones responsible for employment decisions for employees such as Xu. Bray Dec. at ¶ 8. HCA simply does not have the power to hire, promote, or fire THM employees. *Id.* at ¶ 9. Plaintiff, therefore, cannot allege a set of facts that would show that HCA exercises the necessary control of THM's labor and personnel for this factor to favor finding an integrated enterprise. *See Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 495 (6th Cir. 2011) (finding no centralized control of labor relations and personnel where one entity did not have authority to hire or fire the other entity's employees).

Finally, there are no facts Plaintiff could plausibly plead to support the idea that HCA and THM have any kind of common ownership because they are entirely separate legal entities with their own managerial boards. Bray Dec. at ¶¶ 6–7; *see E.E.O.C. v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 573 (6th Cir. 1984) (finding that the fourth element was not met where the Association maintained a "distinct legal identity and had its own separate managerial board."); *Hays v. Chattanooga Tank Wash, LLC*, 658 F. Supp. 3d 589, 595–96 (E.D. Tenn. 2023) (rejecting plaintiff's argument that an entity's 50% ownership in the other amounted to common ownership

5

and finding the existence of distinct entities). THM is also only an indirect subsidiary of HCA because its stocks and other equity interests are owned through properly formed and maintained intermediaries. Bray Dec. at ¶ 5. Finally, HCA's website and its annual 10-K report filed with the United States Securities and Exchange Commission both differentiate between HCA Healthcare, Inc. and its affiliates, like THM. *Id.* at ¶¶ 13–14.

In short, no matter how much additional discovery is taken, Plaintiff will not be able to plausibly allege sufficient facts to support an integrated enterprise because no such facts exist. Accordingly, the Court should dismiss all claims against HCA (and GME).

/s/Frederick L. Conrad III
Robert E. Boston (TN BPR # 009744)
Frederick L. Conrad III (TN BPR # 032043)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
bob.boston@hklaw.com
trip.conrad@hklaw.com


*Attorneys for Defendants Tennessee Healthcare Management, Inc., HCA Healthcare, Inc., and GME Overhead*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this the 12th day of January, 2024, a true and correct copy of the foregoing Reply in Support of Motion to Dismiss was electronically filed with the United States District Court for the Middle District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

Faye A. Williams
Amy Black
Marcerious D. Knox
Raquel Cato
Equal Employment Opportunity Commission
Nashville Area Office
220 Athens Way, Suite 350
Nashville, Tennessee 37228
faye.williams@eeoc.gov
amy.black@eeoc.gov
marcerious.knox@eeoc.gov
raquel.cato@eeoc.gov

*/s/ Frederick L. Conrad III*

7