**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 3:23-cv-00777** |
| | ) | **Judge Aleta A. Trauger** |
| **TENNESSEE HEALTHCARE MANAGEMENT, INC., HCA HEALTHCARE, INC., GME OVERHEAD,** | ) ) ) ) | **Jury Demand** |
| | ) ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 21, DEFENDANT GME OVERHEAD**

---

Plaintiff Equal Employment Opportunity Commission moves to dismiss Defendant GME Overhead based on the arguments advanced in Defendants Motion to Dismiss. Doc. No. 25. The parties agree that this Court should dismiss GME Overhead from this lawsuit under Federal Rule of Civil Procedure 21. The causes of action set out in the Complaint remain pending as to the remaining Defendants, Tennessee Healthcare Management, Inc., and HCA Healthcare, Inc.

Under Rule 21, the court may, on motion or on its own, add or drop a party from a lawsuit. Typically, a party move to dismiss an action under Fed. R. Civ. Pro. 41(a). But "[i]n the Sixth Circuit, a plaintiff may only dismiss an 'action' using Rule 41(a), and an 'action' is interpreted to mean the 'entire controversy.'" *Cornelius v. Cap. One Bank (USA), N.A.,* No. 5:19-CV-207-JMH, 2020 WL 2044725, at *1 (E.D. Ky. Apr. 28, 2020) (quoting *Phillip Carey Mfg. Company v. Taylor*, 286 F.2d 782,785 (6th Cir. 1961)). "Rule 21, however, may be used for the dismissal of a single

defendant." *Id. See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *Wilkerson v. Brakebill*, No. 3:15-cv-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017)("Rule 21 is the more appropriate rule."). This Court has also held that Rule 41(a)(1) may be used only to dismiss an entire action and may not be used to dismiss individual defendants. *See Burgess v. Experian Info. Sols.*, No. 3:11-00793, 2012 WL 379591 at *1 – 2 (M.D. Tenn. Feb. 3, 2012).

For the above reasons, the Commission asks the Court to dismiss the individual Defendant GME Overhead, without prejudice, from the proceedings.

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFF**

KARLA GILBRIDE
GENERAL COUNSEL

CHRISTOPHER LAGE
Deputy General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
(901) 544-0158

*/s/ Gary Sullivan*
GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana Street, Suite 200
Little Rock, AR 72201
(501) 900-6140

*/s/ Marcerious D. Knox*
MARCERIOUS D. KNOX
Trial Attorney
TN Bar No. 036851
marcerious.knox@eeoc.gov

*/s/ Raquel A. Cato*
RAQUEL A. CATO
Trial Attorney
TN Bar No. 040675
raquel.cato@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(615) 736-5784

## CERTIFICATE OF SERVICE

I certify that on February 2, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent through the Court's electronic filing system to all parties stated on the electronic filing receipt.

Robert E. Boston (TN BPR # 009744)
Frederick L. Conrad III (TN BPR # 032043)
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219

*s/ Marcerious D. Knox*
Marcerious D. Knox

*s/ Raquel A. Cato*
Raquel A. Cato