IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:23-cv- 00777<br>) Judge Aleta A. Trauger<br>) |
| TENNESEE HEALTHCARE MANAGEMENT, INC. *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM

The Equal Employment Opportunity Commission ("EEOC") has filed suit on behalf of Dong Xu ("claimant"), asserting claims for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), against Tennessee Healthcare Management, Inc. ("THM") and HCA Healthcare, Inc. ("HCA"), as the claimant's former employers. Now before the court is the Motion to Dismiss (Doc. No. 25) filed by defendant HCA, supported by a Memorandum of Law (Doc. No. 26) and accompanied by the Declaration of Michael T. Bray (Doc. No. 27).[1]

The plaintiff opposes the motion (Doc. No. 28), arguing that it has adequately pleaded that HCA acted with THM as an integrated enterprise or joint employer. In the alternative, it requests

---

[1] The Complaint also names GME Overhead ("GME") as a defendant, and the Motion to Dismiss also seeks dismissal of the claims against GME. That portion of the motion is now moot, the court having already granted the EEOC's motion to dismiss without prejudice the claims against GME. (Doc. Nos. 33, 35.).

leave to amend the Complaint to cure any perceived deficiencies. HCA filed a Reply reprising the arguments in its Memorandum and further arguing that amendment would be futile. (Doc. No. 29.)

For the reasons set forth herein, the Motion to Dismiss will be denied.

I.  STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility"

and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

In ruling on a motion to dismiss, the court may consider, not only the complaint and exhibits attached to it, but also exhibits attached to a defendant's motion to dismiss, "so long as they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 694 (6th Cir. 2018) (citation omitted). A court may also consider public records. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (citation omitted).

Aside from these documents, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In that event, the court must provide notice of its intent to convert the motion into a summary judgment motion and give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

## II.    FACTS ALLEGED IN THE COMPLAINT

As relevant here, the EEOC alleges that, "[a]t all relevant times," both THM and HCA have "continuously been doing business in the State of Tennessee and City of Nashville, and [have] continuously had at least 20 employees"; that they have "continuously been an employer engaged in an industry affecting commerce" for purposes of Title VII and the ADEA; and that, at all relevant times, they "have operated as a single employer or integrated enterprise, or both." (Complaint, Doc. No. 1 ¶¶ 4–7, 10.) In support of its "single employer" theory of liability, the EEOC further alleges that THM and HCA share common employees, share in the hiring of employees, alternate compensating employees, use the same personnel policies and procedures (specifically "including the HCA Handbook signed by the chief executive officer of HCA Healthcare"), share letterheads and signatures in correspondence, and share the same address. (*Id.*

¶ 10(a)–(f).) As set forth in the Complaint, the "Defendant Employers" jointly employed the claimant beginning on January 28, 2019. (*Id.* ¶¶ 17(b), 20(a).) After initially employing him, the "Defendant Employers" jointly engaged in "unlawful employment practices" in violation of Title VII and the ADEA since at least October 13, 2020 in that they allegedly failed to promote the claimant due to his age, race, and national origin and then retaliated against him by terminating his employment for engaging in activity protected by the statutory schemes. (*Id.* ¶¶ 17–26.)

### III. HCA'S MOTION

A substantial portion of HCA's argument relies on facts that conflict with allegations in the Complaint and are supported only by the Declaration of Michael Bray. HCA does not, however, expressly ask the court to convert its motion into one for summary judgment, and the plaintiff, in responding to the motion, essentially ignores the Bray Declaration and likewise does not ask the court to convert the motion.[2] The court declines at this juncture to convert the Motion to Dismiss into one for summary judgment and will consider only the sufficiency of the allegations in the Complaint, without regard to the Bray Declaration.

Regarding the Complaint itself, HCA asserts that the allegations that it and THM acted as joint employers are "vague and conclusory" and "confusing," as well as "insufficient as a matter of law to assert plausible claims of liability against HCA." (Doc. No. 26, at 2, 5, 7.) In response, the EEOC argues that it adequately pleads that HCA operates as an integrated enterprise with THM and points out that the parties have not yet conducted discovery. (Doc. No. 28.) In its Reply, HCA

---

[2] The EEOC also filed with its Response several documents outside the pleadings, but it also asserts that the documents are at least tangentially referenced in the Complaint. (*See, e.g.*, Doc. No. 28, at 4 ("The Commission's Complaint states HCA and THM 'share letterheads and signatures in correspondence.' *See* Doc. 1, Complaint ¶ 10(e). For example, the job description for the . . . position at THM for which [the claimant] sought promotion uses the HCA letterhead. *See* Exhibit A, Job Description.").)

continues to dispute the facts as alleged in the Complaint. (*See, e.g.*, Doc. No. 29, at 4 ("Plaintiff also does not dispute the testimony in the declaration of Michael Bray . . . .").)

## IV. ANALYSIS

The "single employer" or "integrated enterprise" doctrine allows two companies to be deemed "so interrelated that they constitute a single employer" subject to liability under Title VII or the ADEA. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997) (citing *Armbruster v. Quinn*, 711 F.2d 1332, 1337–38 (6th Cir. 1983), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). In making this determination, courts consider four factors: "(1) interrelation of operations, *i.e.* common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control." *Id.* (citing *York v. Tenn. Crushed Stone Ass'n*, 684 F.2d 360, 362 (6th Cir. 1982)). Although the court may consider all of the factors, "[n]one of these factors is conclusive, and all four need not be met in every case." *Id.* (citing *Armbruster*, 711 F.2d at 1337–38).

The court finds that the EEOC has plausibly alleged facts supporting its "single employer" or "integrated enterprise" theory. As set forth above, it alleges that THM and HCA share employees, share in the hiring of employees, "alternate" in compensating employees, use the same employee handbook (entitled "HCA Handbook," signed by HCA's CEO), share letterheads and signatures, and operate out of the same address. (Doc. No. 1 ¶¶ 4–7, 10, 17, 20.) While these allegations are relatively barebones, if true, they would serve to establish three of the four relevant factors: interrelation of operations, common management, and centralized control of personnel. The court does not find it appropriate to weigh the different factors relevant to establishing a single employer/integrated enterprise in the context of ruling on a motion to dismiss and simply notes that, while HCA may ultimately establish that the factual allegations in the Complaint regarding

joint operations are false or that these factors, when properly weighed in the light of countervailing facts, do not establish an integrated enterprise, the court must presume at this stage in the proceedings that the facts as alleged by EEOC are correct, and it cannot consider matters outside the pleadings. The court further notes that the allegations concerning defendant THM are virtually identical to those concerning HCA, and no party contests THM's status as the plaintiff's employer.

## V.     CONCLUSION

The Motion to Dismiss filed on behalf of defendant HCA will be denied.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge