IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) ) TENNESSEE HEALTHCARE MANAGEMENT, INC. and HCA HEALTHCARE, INC., ) ) ) ) ) Defendants. ) | NO. 3:23-cv-00777 JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant HCA Healthcare, Inc.'s ("HCA") motion to dismiss (Doc. No. 25),[1] brought under Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. (Doc. Nos. 28, 29). For the reasons discussed below, the motion (Doc. No. 25) is **DENIED**.

This is a civil rights case brought by Plaintiff Equal Employment Opportunity Commission ("Commission") in response to allegedly unlawful employment practices based on age, race, and national origin, and to provide appropriate relief to Dr. Dong David Xu, who was allegedly adversely affected by such practices. (*See* complaint, Doc. No. 1). The complaint alleges Defendants operated as a single employer or integrated enterprise and violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination and Employment Act of 1967 ("ADEA") by denying Dr. Xu a promotion to GME Division Director of Research because of his race, national origin, and age, and by retaliating against him for complaining about discriminatory mistreatment. (*Id.*).

---

[1] Defendant GME Overhead filed the present motion with Defendant HCA Healthcare, Inc., but has since been dismissed from this action. (*See* Doc. No. 35).

As pertinent to the pending motion, the complaint alleges that, at all relevant times, HCA has continuously been doing business in the State of Tennessee and City of Nashville and has continuously had at least 20 employees. (Doc. No. 1 ¶ 6). The complaint also alleges that HCA and Tennessee Healthcare Management Inc. have operated as a single employer or integrated enterprise, or both and that they: share the same employees, share in the hiring of employees, alternate compensating employees, use the same personnel policies and procedures, share letterheads and signatures in correspondence, and share the same address listed at 2000 Health Park Drive, Brentwood, Tennessee. (*Id.* ¶ 10).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*[2]

HCA filed a declaration in support of its pending motion to dismiss. (*See* Doc. No. 27). However, a court may only consider exhibits attached to a defendant's motion to dismiss under

---

[2] The Court notes that a Title IX and/or ADEA plaintiff does not need to establish a prima facie case to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (explaining that a prima facie case is not a pleading standard but instead relates to the plaintiff's burden of presenting evidence). Rather, Plaintiffs need only allege facts that "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. "[D]etailed factual allegations" are not necessary; a plaintiff need only "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a defendant violated the statute. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678-79).

2

Rule 12(b)(6) when "they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Further, Rule 12(d) states that if, "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016). Here, the Court will analyze HCA's motion under Rule 12(b)(6) and will not convert it to a motion for summary judgment. The declaration upon which HCA relies was not attached as an exhibit to its motion or referenced in the complaint, and, as a result, the Court cannot and will not consider it.

Through its pending motion, HCA seeks dismissal under Rule 12(b)(6) on the grounds that it did not employ Xu. In support, HCA challenges the sufficiency of the complaint's factual allegations that it employed Xu as a joint employer or as part of an integrated enterprise.

In order to hold a defendant liable under Title VII or the ADEA, a plaintiff must ultimately show that a defendant was their "employer" within the meaning of the respective statute. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 992 (6th Cir. 1997).[3] However, the Sixth Circuit has "held that some entities that do not directly employ a plaintiff may qualify as a statutory 'employer.'" *Post v. Trinity Health-Michigan*, 44 F.4th 572, 579 (6th Cir. 2022) (citing *Swallows*, 128 F.3d at 993 and *Christopher v. Stouder Mem'l Hosp.*, 936 F.2d 870, 874 (6th Cir. 1991)). For example, entities may qualify as a statutory "employer" under the "joint employer theory" or the "single employer" or "integrated enterprise" doctrine. *See Nethery v. Quality Care Invs., L.P.*, 814 F. App'x 97, 103 (6th Cir. 2020); *Swallows*, 128 F.3d at 993–94.

In determining whether to treat two entities as a single employer or "integrated enterprise," courts examine the following four factors: (1) interrelation of operations, i.e., common offices,

---

[3] "Because Title VII, the ADEA, and the ADA define 'employer' essentially the same way, we rely on case law developed under all three statutes." *Id*. at 993 n.2 (internal quotations omitted).

common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. *See Swallows*, 128 F.3d at 993–94. "None of these factors is conclusive, and all four need not be met in every case." *See id*. Similarly, entities are joint employers if they "share or co-determine those matters governing essential terms and conditions of employment." *E.E.O.C. v. Skanska USA Bldg., Inc.*, 550 F. App'x 253, 256 (6th Cir. 2013) (quoting *Carrier Corp. v. NLRB*, 768 F.2d 778, 781 (6th Cir. 1985)). In determining whether an entity is the plaintiff's joint employer, the major factors include the "entity's ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their performance." *Id*.

The Commission points to several factual allegations in the complaint to support the theory that HCA and Tennessee Healthcare Management Inc. served as either Xu's joint employer or acted as an integrated enterprise such that HCA could be liable under Title VII or the ADEA. (*See* Complaint, Doc. No. 1 ¶ 10). HCA asserts that the Commission's allegations on those issues are mere threadbare, conclusory allegations. In response, the Commission argues: (1) the allegations are sufficient to satisfy its pleading burden; (2) there was a factual basis from records in the Commission's custody to plead HCA as an employer in good faith;[4] and (3) if the pleadings are not sufficient, it be allowed to amend the complaint.

While the Commission's allegations to support claims against HCA are thin and somewhat confusing – Tennessee Healthcare Management Inc. is defined as the "Employer" or the

---

[4] While the Court doesn't consider these facts as they are outside the pleadings, it understands that the Commission articulated them to show a good faith basis for its allegations.

"Defendant Employers," as is HCA, then both are referred to as the "Defendant Employers" – at this stage, the Court finds that the Commission has satisfied its pleading obligations against HCA.[5]

While the Commission's claims against HCA survive the Rule 12(b)(6) motion, the Commission concedes that discovery may impact the viability of those claims. Should discovery demonstrate that HCA's arguments concerning its role in employing Xu and its operations are accurate and unrebutted, the Court strongly encourages the Commission to reconsider the viability of the claims against HCA and take into account judicial economy in determining whether to continue its litigation against that entity.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] HCA's reliance on Judge Haynes' opinion in *Gonzalez v. HCA*, 2011 WL 3793651 (M.D. Tenn. August 25, 2011) is not persuasive in the present case brought under Title VII and the ADEA. The plaintiffs in *Gonzalez* sued two of HCA's out-of-state subsidiaries for wrongful denial of compensation under the Fair Labor Standard Act ("FLSA"). As addressed by the Commission in its response, determining who is an employer under the FLSA is not the same as under Title VII and ADEA claims. (*See* Doc. No. 28 at PageID # 109-110). HCA filed a reply but did not respond to the Commission's argument that *Gonzalez* is not applicable to the present case. (*See* Doc. No. 29).

5

Case 3:23-cv-00777   Document 45   Filed 10/11/24   Page 5 of 5 PageID #: 181